**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES MCLEROY, INDIVIDUALLY AND ROSIE GRAY, AS ADMINISTRATOR OF THE ESTATE OF SHAMAR MCLEROY,<br><br>Plaintiff(s),<br><br>v.<br><br>FULTON COUNTY GEORGIA, A POLITICAL SUBDIVISION OF THE STATE OF GEORGIA, ET AL.<br><br>Defendants. | ) | CIVIL ACTION NO.:<br>1:24-cv-04731-VMC |

**DEFENDANTS NAPHCARE, INC., EARL DELK, AND SAMANTHA SCOTT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12, Defendants NaphCare, Inc. ("NaphCare"), Earl Delk ("Delk"), and Samantha Scott ("Scott") (collectively referred to herein as the "NaphCare Defendants"), file this Brief in Support of Their Motion to Dismiss for Failure to State a Claim ("Motion") [Doc. 60].

## I. Summary of the Motion

Plaintiffs have sued the NaphCare Defendants vaguely stating that (i) Delk and Scott were negligent in performing unidentified ministerial duties and (ii) NaphCare is liable for deliberate indifference based on violations of 42 U.S.C. §1983

under a theory of *respondeat superior*. Plaintiffs' Complaint, however, fails to state a claim to relief that is plausible on its face. Moreover, Plaintiffs' pleading is nothing more than an impermissible "shotgun pleading." For these reasons, the NaphCare Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety.

## II. Introduction

This action arises from a detainee-on-detainee murder which took place at the Fulton County Jail in Atlanta, Georgia. Plaintiffs brought this action against, among other entities and individuals, NaphCare, a private entity, and its employees Earl Delk and Samantha Scott. Plaintiffs' sole count (Count Two) against NaphCare alleges that NaphCare is liable under a theory of *respondeat superior*. Such a theory cannot support a Fourteenth Amendment claim against NaphCare and must be dismissed with prejudice. Similarly, Counts Six, Twenty, and Fifty-One, fail to provide any specific allegations as to how each individual NaphCare Defendant (1) acted with deliberate indifference and (2) caused a constitutional violation.

Plaintiffs wish to hold the NaphCare Defendants responsible for the actions of pre-trial detainee, Jeremiah Collier, despite NaphCare having no direct or remote link to Collier's independent act of killing decedent, Shamar McLeroy. Plaintiffs have failed to provide any legally sufficient facts concerning NaphCare's involvement with the decedent. Plaintiffs also fail to provide any individualized

facts showing how Delk or Scott deprived Shamar McLeroy of his constitutional rights, or how each defendant demonstrated deliberate indifference as opposed to mere negligence. Plaintiffs' Complaint impermissibly alleges nothing more than mere conjecture and conclusory allegations. Moreover, Plaintiffs have failed to allege a single fact that satisfies the elements of a Section 1983 deliberate indifference claim. To state a claim under 42 U.S.C. §1983, Plaintiffs must allege that NaphCare's purported misconduct was consistent with a specific policy, custom, or practice. Plaintiffs failed to make such an allegation, and even if they did, any such allegation is not supported by the facts or the law. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the NaphCare Defendants requests that this Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

In addition to the substantive dismissal grounds, Plaintiffs' entire Complaint should be dismissed as an impermissible shotgun pleading. Plaintiffs' allegations are so vague and ambiguous that the NaphCare Defendants cannot reasonably prepare an answer. Plaintiffs' Complaint fails to provide the NaphCare Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. Plaintiff's Complaint also includes allegations against numbered "John Doe" defendants, which should be dismissed[1]. *Richardson v. Johnson*, 598 F.3d 734, 738

[1] Paragraphs 598 through 625 and Counts Fifty-Eight through Sixty refer to and are brought against numbered "John Doe" defendants. (Doc. 1, ¶¶ 598-625).

(11th Cir. 2010) ("[a]s a general matter, fictitious-party pleading is not permitted in federal court) *citing New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 (11th Cir. 1997). For these additional reasons, this Court should dismiss Plaintiffs' Complaint.

## III. Relevant Facts and Procedural Posture[2]

On or about February 17, 2022, Shamar McLeroy ("McLeroy") was booked into the Fulton County Jail. At a time between February 17, 2022 and October 19, 2022, McLeroy shared a cell with Jeremiah Collier ("Collier"). (Doc. 1, ¶526). On or about October 19, 2022, Collier killed McLeroy in their cell. (Doc. 1, ¶74). The Fulton County Medical Examiner concluded that: (i) McLeroy's cause of death was "asphyxia due to strangulation;" and (ii) the manner of McLeroy's death was "homicide." (Doc. 1, ¶¶74, 91, and 92).

As a result of McLeroy's death, Plaintiff Rosie Gray brought this lawsuit on behalf of McLeroy, and his estate ("Plaintiffs"), and James McLeroy brought this lawsuit on behalf of himself. Plaintiffs filed their Complaint on October 17, 2024 alleging a civil rights action under 42 U.S.C. § 1983 for deliberate indifference to a known risk of serious harm against Fulton County, NaphCare and 63 named and

[2] These facts, as alleged by Plaintiffs, are accepted for the purposes of this Motion only. The NaphCare Defendants do not concede that these facts are accurate or consistent with the medical records of Shamar McLeroy or Jeremiah Collier.

unnamed individuals, including NaphCare employees, Delk and Scott. (Doc. 1, ¶1).[3] Plaintiffs also seek attorneys' fees under 42 U.S.C. § 1988(b) for the Section 1983 claims. (Doc. 1, pp. 149-50). Plaintiffs make a general allegation against NaphCare that it is liable under a theory of *respondeat superior* for the actions of its employees based on their responsibilities of "intake and classification of Jeremiah Collier that took place on or about October 7, 2022 or October 8, 2022." (Doc. 1, ¶ 118). This Motion follows.

## IV. <u>Legal Standard - Rule 12(B)(6)</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "detailed factual recitations are not necessary" to satisfy the plausibility requirement, the allegations must be specific enough to "raise a right of relief above the speculative level…." *Twombly*, 550 U.S. at 555. Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations omitted). A complaint does not suffice "if it tenders

[3] Plaintiffs' Complaint initially named 17 current and former NaphCare employees as defendants to this lawsuit. Many of the current and former NaphCare employees: (i) had no meaningful contact with McLeroy or Collier; (ii) were not present at the same Fulton County Jail facility which housed McLeroy or Collier at any time relevant to the incarcerations of McLeroy or Collier; or (iii) had knowledge of any facts related to McLeroy or Collier. On December 13, 2024 and December 15, 2024, Plaintiffs voluntarily dismissed 15 of the 17 current and former NaphCare employees without prejudice (Docs 47 and 53).

naked assertions devoid of further factual enhancement." *Id.* (citations omitted). A claim must contain enough factual support to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quotations omitted).

When evaluating the sufficiency of a complaint, the Court must "make reasonable inferences in plaintiff's favor;" however, the Court is "not required to draw plaintiff's inference[s]." *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth*., 132 S. Ct. 1702 (2012). As the Eleventh Circuit has explained, "inferences may logically derive only from factual allegations actually made." *Perry v. Cable News Network, Inc*., 854 F.3d 1336, 1342 n.4 (11th Cir. 2017). Accordingly, a claim may proceed only where a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Rema Tip Top/N. Am., Inc. v. Shaw-Almex Indus., Ltd*., NO. 1:15-CV-01838-AT, 2015 WL 11492540, at *2–3 (N.D. Ga. 2015).

Dismissal is also "warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory." *Walker v. U.S. Bank Nat'l Ass'n*, No. 1:15-CV-3127-RWS-LTW, 2016 WL 5340546, at *2 (N.D. Ga. July 25, 2016), *report and recommendation adopted at* 2016 WL 5496636

(N.D. Ga. Aug. 25, 2016). There must be more than just the Plaintiff's opinion or guess.

## V. Argument and Citation to Authority

### A. Plaintiffs Fail to Sufficiently Allege a Constitutional Claim against NaphCare or the Individual NaphCare Defendants Under 42 U.S.C. §1983.

Plaintiffs' Complaint which attempts to broadly assert a constitutional claim of deliberate indifference against NaphCare under the doctrine of *respondeat superior* should be dismissed because: (i) *respondeat superior* cannot support a constitutional claim against NaphCare; (ii) Plaintiffs fail to allege that any NaphCare policy or custom caused Decedent's death or injury; and (iii) Plaintiffs fail to allege that NaphCare was deliberately indifferent.

#### i. Count Two of Plaintiffs' Complaint Against NaphCare for *Respondeat Superior* Fails as a Matter of Law.

Plaintiffs' *respondeat superior* claim against NaphCare is not legally cognizable. "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." *See Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *see also Roy v. Ivy,* 53 F.4th 1338, 1347 (11th Cir. 2022) ("[Section] 1983 does not provide for liability under a theory of *respondeat superior*….") (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). "Generally, supervisory officials are not liable under § 1983 for the [alleged] unconstitutional acts of their subordinates

on the basis of respondeat superior or vicarious liability." *Woods v. Miller*, 215 F. App'x 796, 797 (11th Cir. 2007).

Here, assuming NaphCare is the functional equivalent of a municipality, Plaintiffs must allege more than NaphCare being vicariously liable to McLeroy for the purported (and unclear) actions or inactions of its employees or agents. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("But, under § 1983, local governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions."); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328 (11th Cir. 2015) ("Although the Supreme Court has held that local government may be subject to liability under § 1983, a plaintiff cannot rely upon the doctrine of *respondeat superior* to hold the government liable." (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693-94 (1978)).

Accordingly, Plaintiffs cannot state a § 1983 claim against NaphCare (Count Two) based on the alleged actions of its employees. The Complaint should therefore be dismissed in its entirety as to NaphCare.

ii. <u>Plaintiffs Fail to Allege that any NaphCare Policy, Custom, or Practice Caused a Constitutional Injury to Decedent.</u>

To establish a viable 42 U.S.C. §1983 claim against NaphCare, a plaintiff must plausibly allege its purported "constitutional injury was the result of either (1) an officially promulgated policy, or (2) an unofficial custom or practice." *Gates by*

*Gates v. City of Atlanta*, No. 1:15-CV-0604-LMM, 2015 WL 13642415, at *2 (N.D. Ga. Nov. 3, 2015).

Plaintiffs have not and cannot allege any such official policy. Plaintiffs' Complaint is devoid of any policy promulgated *by NaphCare* that would give rise to liability under 42 U.S.C. §1983. Instead, Plaintiffs' only mention of a policy is in relation to Fulton County and refers to "Fulton County's policy or custom of failing to provide for the safety and well-being of detainees by virtue of the underfunding and understaffing of the Fulton County jail, constituting deliberate indifference to constitutional rights of pre-trial detainees such as Shamar McLeroy." (Doc. 1, ¶115). NaphCare contracts with Fulton County to provide healthcare services at the Fulton County Jail. NaphCare has no responsibility nor ability to control or unilaterally propose increased funding or custodial staffing at the Fulton County Jail. Even if NaphCare could control those alleged policy decisions, Plaintiffs have not alleged facts plausibly illustrating that NaphCare had a duty or responsibility over the capacity, funding, or staffing at the Fulton County Jail or that NaphCare somehow breached that duty. Plaintiff does not identify a single specific and unconstitutional policy that *NaphCare* implemented. Instead, Plaintiffs vaguely recite conclusory allegations against Delk and Scott in relation to Fulton County Sheriff's Jail Operations procedures, not any policy and/or procedure of NaphCare. (Doc. 1, ¶¶159-166 and 271-278, Counts Six and Twenty, respectively).

Absent allegations of an official policy, a plaintiff is required to allege: (1) that NaphCare had a custom or practice of permitting a constitutional violation; and (ii) that NaphCare's custom or practice was the "moving force" behind the violation. *See Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 856, 693-94 (1978). Plaintiffs have not identified or alleged a single custom or practice of NaphCare that led to an alleged violation of McLeroy's constitutional rights. *Craig*, 643 F.3d at 1310 (court noting a plaintiff must prove entity had "a 'policy or custom' of deliberate indifference that led to the violation of [the plaintiff's] constitutional right"). Plaintiffs' failure to do so is fatal to any 42 U.S.C. §1983 claim against NaphCare. Therefore, the Complaint should be dismissed as to NaphCare.

iii. Plaintiffs' Complaint Does Not Support a Deliberate Indifference Claim Against the Individual NaphCare Defendants.

Plaintiffs' Complaint is vague and does not contain enough factual support to give the NaphCare Defendants fair notice of the claim(s) supposedly brought against them and the grounds upon which it or they rest. *Twombly*, 550 U.S. at 555. "Deliberate indifference has three components: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) by conduct that is more than mere negligence.'" *Bryant v. Buck*, 793 F. App'x. 979, 983 (11th Cir. 2019) (quoting *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016)). To establish a deliberate indifference claim, Plaintiffs must demonstrate: (1) that McLeroy had a serious

medical need; (2) that the NaphCare Defendants were deliberately indifferent to that need; and (3) that the NaphCare Defendants caused McLeroy's injury/death. *Bryant*, 793 F. App'x. at 983 (citing *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019)).

Plaintiffs fail to establish any element of their claim as the basis of Plaintiffs' deliberate indifference claim. Plaintiffs' Complaint is vague as to any specific allegation against Delk and Scott, and only advances conclusory allegations of fact or legal conclusions. This is not an overstatement. Plaintiffs' 151-page Complaint attributes only three total paragraphs to claims against NaphCare (Doc. 1, ¶¶118-120, Count Two) and only 16[4] paragraphs of its 625-paragraph Complaint to claims against the remaining NaphCare Defendants (Doc. 1, ¶¶159-166 and 271-278, Counts Six and Twenty, respectively). The allegations against the named NaphCare individuals provide, in relevant part:

> Certain individuals that were working at the Fulton County Jail, that had responsibilities including the intake and classification of Jeremiah Collier that took place on or about October 7, 2022 or October 8, 2022 at the Fulton County Jail, were employees of NaphCare, Inc.… At all times relevant, Defendant NaphCare was liable for the actions of the aforementioned individuals under the doctrine of respondeat superior.

*Id*. That is the extent of Plaintiffs' purported claim against Scott and Delk. Plaintiffs failed to assert a single allegation or fact that demonstrates: (1) that either Scott or

---

[4] Plaintiffs' Complaint includes duplicative allegations related to Ms. Scott at Paragraphs 271-278 and Paragraphs 518-525. The second set of duplicative allegations (Doc. 1, ¶¶518-525) does not provide added context to any defendant or to the Court and is only included to confuse, mislead or inflame the trier of fact. As such, pursuant to Federal Rule of Civil Procedure 12(f), the NaphCare Defendants move to have the duplicative allegations (Doc. 1, ¶¶518-525) struck from the Complaint.

Delk had subjective knowledge of a risk of serious harm to McLeroy as it related to Collier or otherwise; (2) that Scott or Delk disregarded that alleged risk; or (3) that Scott or Delk engaged in any conduct that was more than mere negligence (or what that alleged negligent conduct was). *See Bryant*, 793 Fed. Appx. at 983 (quoting *Lane*, 835 F.3d at 1308). Plaintiffs' broad statements that NaphCare and its employees were responsible for intake and classification of inmates, and specifically Collier, do not identify the causal link between intake and the actions Collier allegedly took against McLeroy. Plaintiffs do not draw the causal link for the named individual NaphCare Defendants to properly address Plaintiffs' claims because one does not exist. Plaintiffs do not allege that any action or inaction of Scott or Delk caused any harm to McLeroy. Plaintiffs do not allege that any NaphCare Defendant had *any* knowledge of a risk of serious harm to McLeroy. The *most* that Plaintiffs attempt to broadly allege is that Delk and Scott were somehow negligent in the performance of their ministerial duties. (Doc. 1, ¶¶159-166 and 271-278, Counts Six and Twenty, respectively). Even assuming for the purposes of this motion that this is true, not every negligence claim can rise to the level of a constitutional one.

Subjecting Scott and Delk to the full panoply of expensive and time-consuming pretrial discovery devices and forcing them to defend this action based on Plaintiffs' inadequate and threadbare allegations runs counter to the general

pleading requirements of the Federal Rules of Civil Procedure. Therefore, Plaintiffs' Complaint should be dismissed as to the NaphCare Defendants.

**B. Plaintiffs' Complaint Should be Dismissed as an Impermissible Shotgun Pleading.**

In addition to the individual bases for dismissing Plaintiffs' Complaint against the NaphCare Defendants discussed above, Plaintiffs' Complaint is an impermissible shotgun pleading that should be dismissed. Shotgun pleadings are not sufficient to state a cause of action. When faced with a shotgun pleading, the Court is not required "to sift through the facts presented and decide for itself which [are] material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). The Eleventh Circuit has broken down shotgun pleadings into several categories and consistently found that complaints should be dismissed when they fall within one of those categories. In *Weiland v. Palm Beach County Sheriff's Office*, the Eleventh Circuit provided:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or

> claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

792 F.3d 1313, 1321–23 (11th Cir. 2015). Additionally, the Eleventh Circuit has directed district courts to dismiss shotgun pleadings. *See Paylor v. Hartford Fire Ins. Co.,* 748 F.3d 111, 1126 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) ….").

Here, Plaintiffs' Complaint falls into multiple categories condemned by the Eleventh Circuit to be dismissed. Plaintiffs' Complaint:

- improperly lumps all "Defendants" together *see e.g.*, *Compl.* Unnumbered Paragraph titled "Punitive Damages";
- fails to identify which claims are alleged against which defendant; and
- fails to make clear what conduct each defendant purportedly engaged in that violates any rule or regulation, *see e.g.*, *Compl*. ¶¶ 175-182 (not specifying what the alleged non-complaint conduct was).

As a result of the shotgun pleading style used by Plaintiffs, none of the individual Defendants are able to identify which claims or allegations are asserted against them; nor can this Court make those critical determinations. Plaintiffs' improper pleading is such that Defendants are not on sufficient notice to adequately

defend against the causes of action that may be asserted against them. For those reasons, Plaintiffs' Complaint should be dismissed. *Weiland*, 792 F.3d at 1321–23.

## VI. Conclusion

For the above-stated reasons, Defendants NaphCare, Inc., Earl Delk, and Samantha Scott respectfully request that this Court dismiss Plaintiffs' Complaint against these Defendants as it fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 6th day of January, 2025.

BAKER & HOSTETLER LLP

*/s/ Jarvarus A. Gresham*
**Gregory C. Ulmer**
*pro hac vice application pending*
Texas Bar No. 00794767
gulmer@bakerlaw.com

811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717

**Jarvarus A. Gresham**
Georgia Bar No. 873933
jgresham@bakerlaw.com

1170 Peachtree Street, NE
Suite 2400
Atlanta, GA 30309-7676
Telephone: 404.946.9791

Facsimile: 404.459.5734

*Counsel for Defendants NaphCare, Inc., Earl Delk, and Samantha Scott*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES MCLEROY, INDIVIDUALLY AND ROSIE GRAY, AS ADMINISTRATOR OF THE ESTATE OF SHAMAR MCLEROY,<br><br>Plaintiff(s),<br><br>v.<br><br>FULTON COUNTY GEORGIA, A POLITICAL SUBDIVISION OF THE STATE OF GEORGIA, ET AL.<br><br>Defendants. | ) | CIVIL ACTION NO.:<br>1:24-cv-04731-VMC |

**CERTIFICATE OF COMPLIANCE AND SERVICE**

The undersigned hereby certifies that: (i) this document was prepared using Times New Roman font, 14 point type in accordance with L.R. 5.1(C), and (ii) the foregoing DEFENDANTS NAPHCARE, INC., EARL DELK, AND SAMANTHA SCOTT'S BRIEF IN SUPPORT OF MOTION TO DISMISS was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants and counsel of record.

This 6th day of January, 2025

*/s/ Jarvarus A. Gresham*
Jarvarus A. Gresham
Georgia Bar No.: 873933